**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br><br>The Complaint of JOHN DEFREITAS, as Owner of the 21' 2004 Malibu VLX vessel bearing Hull No. MB2K7976B404, for exoneration from or limitation of liability.<br><br>AND<br><br>In the Matter of<br><br>The Complaint of JAMES CRONIN and BRIAN MCDONALD, as Owners of the 21' 2005 Mastercraft Prostar 209 vessel bearing Hull No. MBCMTLZZD505, for exoneration from or limitation of liability | No. C-06-5874 SC<br><br>ORDER DENYING JOHN DEFREITAS' MOTION FOR GOOD FAITH SETTLEMENT<br><br><br><br><br>Related to No. C-06-2945 SC |

## I.  INTRODUCTION

On March 9, 2007, Petitioner John Defreitas filed a Motion for Determination of Good Faith Settlement in each of the related cases listed in the caption.  See In the Matter of the Complaint of John Defreitas ("Defreitas Action"), C-06-5874, Docket No. 33; In the Matter of the Complaint of James Cronin and Brian McDonald ("Cronin Action"), C-06-2945, Docket No. 37.  The Motion seeks court approval of a purported settlement between Molly McKenna, the injured claimant, on the one hand and John Defreitas and Craig Kolos on the other.  In the Defreitas Action, McKenna filed an

Opposition to Defreitas' Motion.  <u>See</u> Docket No. 36.  Also in the

Defreitas Action, James Cronin and Brian McDonald filed a

memorandum stating that they do not object to the settlement

between Defreitas, Kolos, and McKenna.  <u>See</u> Docket No. 37.

For the reasons stated herein, the Court DENIES Petitioner's

Motion for Determination of Good Faith Settlement.

**II.  <u>BACKGROUND</u>**

The Defreitas Action and Cronin Action arise out of the same

circumstances and involve the same parties.  According to the

Motions, on July 30, 2005, McKenna was waterskiing behind a boat

owned by John Defreitas and operated by Craig Kolos in Woodward

Canal in the Bay Area Delta.  McKenna dropped her tow-line and was

floating in the water while waiting to be picked up.  As the

Defreitas vessel was turning around, McKenna was struck by a boat

owned by James Cronin and Brian McDonald and operated by Steven

Cronin.  <u>See</u> Motion for Settlement, 3.  McKenna suffered severe

injuries including leg fractures and deep lacerations.  McKenna

estimates the total value of the case to be approximately $4

million.  <u>See</u> Opp'n, 5.

Defreitas asserts that he maintains an insurance policy

covering his vessel and its operator.  The policy has a $300,000

liability limit, which is reduced by litigation expenses.

According to Defrietas' Motion:

> Defreitas and Kolos, through their counsel of record, have
> <u>offered</u> to McKenna, through her counsel of record, whatever
> policy limit remains after costs of defense/representation of
> Defreitas and Kolos in Action Nos. 2945 and 5874.  <u>McKenna</u>
> <u>has tentatively accepted and a proposed settlement agreement</u>

-2-

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

<u>is being circulated</u>.  It is anticipated that if the settlement is approved as being in good faith, the total amount that will remain on the policy and which will be paid to McKenna will exceed $275,000.

Motion for Settlement, 5 (emphasis added).

## III.  <u>DISCUSSION</u>

The Defreitas Motion fails for two significant reasons. First, Defreitas improperly bases his Motion upon California Code of Civil Procedure § 877.6, which does not apply in this federal admiralty action.  <u>See</u> <u>Miller v. Christoper</u>, 887 F.2d 902, 903 (9th Cir. 1989).  Defreitas acknowledges this error in his Reply Brief, though it only came to his attention because Claimants Cronin and McDonald noted the error in their Response.  <u>See</u> Docket Nos. 37, 38.  In his Reply, Defreitas asserts that Federal Admiralty and California State law provide the same standard for Court approval of a good faith settlement.  <u>See</u> Docket No. 38. Yet, Defreitas' legal argument cannot cure the second significant error in his Motion: the lack of a settlement agreement for the Court to approve.

Petitioner improperly moves the Court to determine that his settlement is in good faith when it is nothing more than an <u>offer</u>. <u>See</u> Motion for Settlement, 5.  Defreitas admits as much in the facts section of his Motion, describing McKenna's acceptance as tentative and stating that "a proposed settlement agreement is being circulated." Motion for Settlement, 5.  Furthermore, Defreitas attaches as Exhibit 1 the latest version of the tentative settlement agreement, a document which has not been

executed by either party.  <u>See</u> Motion for Settlement, Ex. 1.  As a
result, Defreitas' Motion appears intended to encourage the Court
to find the settlement offer in good faith and effectively force
McKenna to accept the remainder of the insurance policy in
exchange for releasing her claims against Defreitas and Kolos.
The fact that McKenna filed an Opposition to Petitioner's Motion
should have sent a clear message that she had not agreed to
settle.  <u>See</u> Opp'n, Docket No. 36.

The Court will pay close attention to future filings of
Petitioner Defreitas to ensure that the $300,000 insurance policy
is not depleted by legally suspect and untimely court filings.

**IV.  <u>CONCLUSION</u>**

For the reasons described herein, the Court DENIES Petitioner
Defreitas' Motion for Determination of Good Faith Settlement.


IT IS SO ORDERED.


Dated: April 24, 2007

_____
UNITED STATES DISTRICT JUDGE

-4-